## BROADWATER *v.* BROADWATER

[No. 538, September Term, 1966.]

*Decided October 12, 1967.*

Submitted on brief to HAMMOND, C. J., and HORNEY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

608

*Jack R. Turney* and *Edward J. Ryan* for appellant.

No brief filed for appellee.

PER CURIAM.

This is an appeal from a paternity proceeding in which the appellee, Verda Broadwater, sought to establish that the appellant, Richard Dale Broadwater, was the father of her illegitimate child. A blood test requested by the appellant failed to exclude him as a possible father. The jury found in favor of the appellee and the court entered an order directing the appellant to pay a monthly sum for the support of the child until the child reached the age of twenty-one or became emancipated. The appellant moved for a new trial which was denied. On appeal the appellant contends that the trial court abused its discretion in failing to grant a new trial in view of the insufficiency of the evidence to sustain the verdict of the jury.

"The general rule is that the disposition of a motion for a new trial is within the sound discretion of the trial court and is not a subject of appeal." *W. B. & A. Electric Railroad Co. v. Kimmey*, 141 Md. 243, 250, 118 Atl. 648, 650 (1922). Indeed, as was said in *State use of Scruggs v. Baltimore Transit Co.*, 177 Md. 451, 454-55, 9 A. 2d 753, 754 (1939)—

> "It is only when the action of the court has in fact denied the party some substantial right, which goes not to form, but amounts to a denial of the right, that a review is entertained on appeal. The appeal in the case of * * * [*Kimmey, supra*] * * * exemplifies this point. In that decision the trial court had, by its action on a motion of *ne recipiatur* refused in effect to entertain the motion for a new trial. * * * Here [in *Scruggs*] no such course was pursued. Since nothing is found to have been done * * * which was not in the exercise of the sound discretion of the court, the appeals will be dismissed."

We think the general rule is applicable here for there was no abuse of discretion by the trial court in denying the motion

for a new trial. We have examined the record and conclude that there was sufficient evidence on which the jury could rationally base its verdict.

> *Order affirmed; appellant to pay the costs.*