STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WILLIAM HIBBS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 14, 1971—Decided January 14, 1972.

Before Judges Lewis, Kolovsky and Halpern.

*Mr. Charles P. Allen* argued the cause for appellant (*Messrs. Dietrich and Mancino,* attorneys).

*Mr. Gerald A. Hughes,* Assistant Prosecutor, argued the cause for respondent (*Mr. Bruce M. Schragger,* Mercer County Prosecutor, attorney).

PER CURIAM. Defendant was convicted in the Ewing Township Municipal Court of violating the provisions of *N. J. S. A.* 2A:170–29(3) in that he had made obscene telephone calls to two women on various dates. He was again convicted by the County Court on a *de novo* trial on the record before the Municipal Court, and sentenced to a four months prison term in the Mercer County Workhouse.

It is undisputed that the obscene remarks were proscribed by the statute. The only issue was the identity of the caller. The women who heard the remarks could not identify the

caller other than to opine that the voice was that of a young man. Standing alone, their combined testimony would not sustain a conviction, but would have required the court to acquit defendant. However, the State was permitted to introduce testimony to show that tracing equipment had been attached to the victims' telephone lines which indicated that the calls emanated from a telephone in defendant's home. The dispositive issue before us is whether the results of such scientific evidence were properly admitted into evidence.

■ Counsel have represented to us that there are no reported decisions in the country determining the reliability of the telephone tracing equipment used in the instant case. Nor has our research revealed any. We are willing and desirous to utilize scientific techniques to aid us in our quest for the truth in the administration of justice. *State v. Walker,* 37 *N. J.* 208 (1962), *cert.* den. 371 *U. S.* 850, 83 S. Ct. 89, 9 L. Ed. 2d 86 (1962). We utilized such aids in *State v. Johnson,* 42 *N. J.* 146 (1964), wherein the use of the drunkometer machine in drunken driving cases was permitted; *State v. Dantonio,* 18 *N. J.* 570 (1955), wherein the use of radar equipment in speeding cases was sanctioned; and *State v. Cerciello,* 86 *N. J. L.* 309 (E. & A. 1914), wherein the use of fingerprints to identify individuals was approved.

However, before such new scientific techniques can be utilized, it is essential that the equipment "achieve a high degree of recognition as to [its] reliability" and that "they are administered by qualified persons." *State v. Walker, supra,* 37 *N. J.* at 215. In the instant case, the State offered no testimony to explain the nature and intricacy of the tracing equipment. It presented no proof as to its installation at the telephone company's central office, or that the reliability of the equipment has received general scientific acceptance.

■ ■ The only proof offered was through Robert E. Maxwell, Sr., a telephone company employee, whose principal duty was to investigate pre-employment backgrounds of com-

pany employees. He was not an engineer; he knew nothing of the scientific nature of the equipment; he did not know who built it or how often it was tested; he was not associated with the installation or supervision of the equipment; nevertheless he was permitted to express an opinion that the equipment was reliable. The municipal court judge erred in overruling defendant's objection to Maxwell's testimony, as did the County Court in utilizing it in convicting defendant. Insufficient proofs were presented by the State to warrant taking judicial notice of the reliability of the tracing equipment.

Since this is the first instance in which the reliability of such equipment has been subjected to court scrutiny, and in view of its probable future importance in detecting criminals, we remand to the County Court for further testimony by the State and defendant solely on the issue of the reliability of the tracing equipment. See *State v. Cary*, 53 *N. J.* 256, 258 (1969); *State v. Sullivan*, 43 *N. J.* 209 (1964). If the court determines that the tracing equipment is not sufficiently accurate to produce results admissible as evidence, then a judgment of acquittal should be entered by it. If it determines that such equipment is admissible as evidence then the former verdict of guilt and the sentence imposed shall remain as entered.

Remanded for the limited purpose set forth herein. The opinion to be filed within 60 days. Jurisdiction is retained if the guilty verdict is confirmed. The remaining issues raised on this appeal will be held pending this remand.