123 N.J. Super. 124 (1973)
301 A.2d 775
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM HIBBS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1971.
Remanded for further hearing and findings by opinion filed January 14, 1972.
Opinion on remand filed September 28, 1972.
Supplemental memorandum filed November 11, 1972.
Decided March 5, 1973.
*125 Before Judges LEWIS, KOLOVSKY and HALPERN.
Mr. Charles P. Allen argued the cause for appellant (Messrs. Dietrich, Mancino and Allen, attorneys).
Mr. Gerald A. Hughes, Assistant Prosecutor, argued the cause for respondent (Mr. Bruce M. Schragger, Mercer County Prosecutor, attorney).
Trial court's opinion on remand filed September 28, 1972.
PER CURIAM.
By our prior opinion, 123 N.J. Super. 108, on this appeal by defendant from his conviction in the County Court for making obscene telephone calls, N.J.S.A. 2A:170-29(3), we remanded the matter to the County Court for submission of further proofs by the State and defendant on the issue of the reliability of the telephone tracing equipment which, according to the State's proofs, indicated that the calls emanated from a phone in defendant's home. Our opinion concluded:
*126 * * * If the court [after the hearing pursuant to the remand] determines that the tracing equipment is not sufficiently accurate to produce results admissible as evidence, then a judgment of acquittal should be entered by it. If it determines that such equipment is admissible as evidence then the former verdict of guilt and the sentence imposed shall remain as entered.
* * * Jurisdiction is retained if the guilty verdict is confirmed.
The hearings ordered were held. The State offered the testimony of four employees of the New Jersey Bell Telephone Company as well as various exhibits relating to the tracing equipment. Defendant called two witnesses. In addition, the trial judge, in the presence of the parties' attorneys, made an on-site inspection at two offices of the telephone company where the tracing equipment was situated and witnessed tests thereof.
Thereafter the trial judge filed an opinion, 123 N.J. Super. 152, embodying a comprehensive and detailed summary of the evidence he had heard and considered. The findings made by the trial judge concluded:
The court therefore finds that the tracing equipment used by the N.J. Bell Telephone Company, more accurately described as line verification match, as used in the annoyance call program of the company, is reliable and accurate and that the probability of error in such verification is, for the court's purposes, nonexistent.
Although defendant argues to the contrary, we are satisfied that the trial court's findings and conclusions are fully supported by the record. It was therefore proper to permit the State, at the original trial of this cause, to introduce testimony to show that tracing equipment had been attached to the victims' telephone lines which indicated that the calls emanated from a telephone in defendant's home.
Defendant also contends that "with or without consideration of the alleged scientific evidence," the proofs would not support a finding that defendant was guilty beyond a reasonable doubt. We disagree.
The scientific evidence pinpointed the origin of the obscene calls. Other evidence indicated that defendant was *127 the only person who could have been on the premises from which the calls were made when they were made. Evaluation of that evidence and of the crediblity of defendant's testimony that he was at work at the time the calls were made was for the trial judge as the finder of the facts. There is no warrant for our disturbing those findings since they are fully supported by the record. State v. Johnson, 42 N.J. 146, 161-162 (1964).
Defendant's final contention is that the sentence imposed, a four-month term in the Mercer County Workhouse, although concededly within the statutory limit, was "manifestly excessive." We find no abuse of the discretion in the trial judge's determination that the sentence he imposed was appropriate.
The judgment of conviction and sentence are affirmed.