375 So.2d 288 (1979)
Alexander SIMONS, Petitioner,
v.
Elfriede JORG a/k/a Elfriede Jorg Simons, Respondent.
No. 78-2158.
District Court of Appeal of Florida, Second District.
February 16, 1979.
On Motion for Leave to Appear as Amicus Curiae March 31, 1979.
John T. Allen, Jr., St. Petersburg, and Joseph D. Farish, Jr. of Farish & Farish, West Palm Beach, for petitioner.
George N. Meros and Peter N. Meros of Meros, Coit, Edman, Meros & Smith, P.A., St. Petersburg, for respondent.
RYDER, Judge.
Alexander Simons petitions for certiorari to review an order of the circuit court requiring him to submit to a blood test alleging that no good cause was shown by respondent in moving to compel the test. We agree. We grant the petition and issue the writ.
Respondent brought suit against petitioner for determination of paternity. Following petitioner's answer, respondent moved to compel a blood test, alleging awareness of a new test that can usually conclusively determine paternity. After argument only, the court granted the motion and ordered *289 petitioner to submit to blood testing necessary for Human Leukocyte Antigens typing.
Certiorari is the proper method to review the grant of a discovery order. Zuberbuhler v. Division of Administration, 344 So.2d 1304 (Fla. 2d DCA 1977); Winn Dixie Stores, Inc. v. Belcher, 144 So.2d 863 (Fla. 2d DCA 1962). Discovery is usually permitted only on matters reasonably calculated to lead to admissible evidence. Brooks v. Owens, 97 So.2d 693 (Fla. 1957); Fla.R. Civ.P. 1.280(d)(1). The results of blood grouping tests excluding paternity are admissible into evidence. However, tests failing to exclude paternity are inadmissible. 4 Fla.Jur., Bastards § 25 n. 14; 10 Am.Jur.2d, Bastards § 118. As respondent is attempting to prove paternity, a blood test would not be admissible for her cause.
We are aware that some Florida cases permit discovery of relevant evidence even when not calculated to lead to admissible evidence. Murray Van & Storage Co., Inc. v. Murray, 343 So.2d 61 (Fla. 4th DCA 1977); Spencer v. Spencer, 242 So.2d 786 (Fla. 4th DCA 1971). However, this more liberal discovery standard does not apply to compulsory physical examination. Although compulsory examinations were unknown at common law, Fred Howland, Inc. v. Morris, 143 Fla. 189, 196 So. 472 (1940), authorization for such is contained in Fla.R. Civ.P. 1.360, which states:
"When the mental or physical condition, including the blood group, of a party or of a person in the custody or under the legal control of a party is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce the person in his custody or legal control for examination. The order may be made only on motion for good cause shown... ."
Petitioner's mental or physical condition is not itself in issue. The test ordered for Human Leukocyte Antigen typing does not appear on its face to be a blood group test, but even if it is, there is no showing that the test results might point to petitioner as the child's father. There was simply no good cause shown for taking petitioner's blood.
As touched upon above, blood testing cannot be evidence to show paternity, since blood tests are not admissible to show paternity. Nothing appears in the record below to show that this principle of evidence does not apply.
We also note that even if the test ordered was a blood grouping test within the scope of Fla.R.Civ.P. 1.360, there is no showing of the requisite good cause. The order directing petitioner to submit to blood testing is not authorized by Fla.R.Civ.P. 1.360 or by case law under the facts of this case, thus, we hereby quash the order compelling Mr. Simons to submit to a blood test.
HOBSON, J., concurs.
GRIMES, C.J., concurs specially with opinion.
GRIMES, Chief Judge, specially concurring.
I recognize that evidence of the results of blood grouping tests directed toward proving paternity have generally been held to be inadmissible. However, in recent years twelve states have enacted either the Model Act on Blood Tests to Determine Paternity or the Uniform Act on Paternity, both of which contain the following section with respect to blood tests:
If the court finds that the conclusions of all the experts, as disclosed by the evidence based upon the tests, are that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly. If the experts disagree in their findings or conclusions, the question shall be submitted upon all the evidence. If the experts conclude that the blood tests show the possibility of the alleged father's paternity, admission of this evidence is within the discretion of the court, depending upon the infrequency of the blood type. (Emphasis supplied.)
At least two other jurisdictions have admitted the introduction of blood test results consistent with paternity without the benefit of a statute. Broadwater v. Broadwater, *290 247 Md. 607, 233 A.2d 782 (1967); Livermore v. Livermore, 233 Iowa 1155, 11 N.W.2d 389 (1943).
I can envision a bastardy case in which because of the rarity of the blood types involved evidence of the alleged father's blood type ought to be admissible as being relevant to a determination of whether he is the father of the child. Notwithstanding, I concur with the granting of certiorari in this case because the respondent failed to make the requisite showing of good cause. If the Human Leukocyte Antigen test is a blood group test, there was no showing that the baby's blood was rare. If this is a new type of test designed to demonstrate the identity of the putative father, the respondent failed to submit any evidentiary support of this. On the face of this record there is nothing to indicate that the results of the test would be admissible evidence or even lead to admissible evidence.

ON MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE
PER CURIAM.
Within the period of time for rehearing, the Florida Department of Health and Rehabilitative Services has filed a motion for leave to appear as amicus curiae for the purpose of filing a motion for rehearing directed to the issue of Human Leukocyte Antigen typing in contested paternity proceedings. HRS expresses concern over certain statements in our opinion pertaining to blood grouping tests because it asserts that recent studies have demonstrated that the Human Leukocyte Antigen typing can accurately determine the probability of paternity.
Needless to say, we have no knowledge of the virtues of Human Leukocyte Antigen typing, and there was no evidence on this subject before the court below at the time its order requiring a blood test was entered. The holding expressed in our opinion is simply that no good cause was shown by respondent to compel the test. Our statements on the admissibility of evidence of blood tests reflect the current law applicable to the traditional blood grouping tests. Whether the Human Leukocyte Antigen test is so accurate as to be relevant evidence to prove paternity is not before us, and no purpose would be served to permit HRS to appear at this late stage in this certiorari proceeding.
Accordingly, the motion for leave to appear as amicus curiae is hereby denied.
GRIMES, C.J., and HOBSON and RYDER, JJ., concur.