384 So.2d 1362 (1980)
Alexander SIMONS, Petitioner,
v.
Elfriede JORG a/K/a Elfriede Jorg Simons, Respondent.
No. 80-228.
District Court of Appeal of Florida, Second District.
July 2, 1980.
John T. Allen, Jr., P.A., St. Petersburg, and Joseph D. Farish, Jr. of Farish & Farish, West Palm Beach, for petitioner.
Dede Meros of Meros, Coit, Edman, Meros, Smith & Meros, P.A., St. Petersburg, for respondent.
DANAHY, Judge.
The question presented by this petition for certiorari is whether the lower court departed from the essential requirements of law when it entered a discovery order compelling the putative father in a paternity suit to submit to the relatively recently developed Human Leukocyte Antigens (HLA) blood test. We find no error and deny the petition.
After petitioner filed an answer denying paternity, respondent moved to compel petitioner to submit to a blood test, alleging awareness of a "new type of blood test which can usually conclusively determine paternity." After hearing argument of counsel only, the trial court granted the motion.
Petitioner then sought certiorari review in this court of the order which compelled the blood test. This court granted certiorari and quashed the order, on the premise that discovery is permissible only on matters reasonably calculated to lead to admissible evidence, and nothing in the record indicated that the HLA test results would be admissible or even lead to admissible evidence. Simons v. Jorg, 375 So.2d 288 (Fla.2d DCA 1979).
Subsequently, respondent filed another motion to compel petitioner to submit to HLA testing. At a hearing on the motion, respondent called Dr. Larry Davis, a pathologist, who testified substantially as follows:
The HLA test is not the typical ABO blood grouping test which is in general *1363 use to prove nonpaternity. The HLA testing is a more sophisticated procedure which involves tissue typing of the white blood cells and results in far higher probabilities of paternity than those yielded by any of the traditional blood grouping tests.[1] With HLA testing, if a male is not excluded as the father, the probability of his being the father is usually over 90%. In 16% of the cases, the probability exceeds 99%. These probability figures can be increased substantially when HLA testing is combined with red cell antigen testing.
The trial court thereupon found that the test was one covered by the discovery rule [Florida Rules of Civil Procedure 1.360(a)] and that, based on the undisputed evidence of its reliability and accuracy, respondent had shown good cause to compel the petitioner to submit to the test.
Petitioner argues that the test will not result in admissible evidence, and thus discovery should not be permitted. Even if this were true, the possible inadmissibility of the test results would not be sufficient to prevent discovery. Murray Van & Storage, Inc. v. Murray, 343 So.2d 61 (Fla. 4th DCA 1977); Fla.R.Civ.P. 1.280 (b)(1). Discovery is permissible with respect to any matter that is relevant to the subject matter of the pending action, where the information sought is reasonably calculated to lead to the discovery of admissible evidence. Brooks v. Owens, 97 So.2d 693 (Fla. 1957). Relevant evidence is evidence tending to prove or disprove a material fact. § 90.401, Fla. Stat. (1979). Relevant evidence is generally admissible unless its probative value is substantially outweighed by unfair prejudice. § 90.403, Fla. Stat. (1979).
Based on Dr. Davis' uncontradicted testimony in the record before us, we hold that respondent adequately established that HLA test results may have substantial probative value and may be relevant in this action to establish paternity. The test results, if admitted in evidence, could have a tendency to prove the fact of paternity, which is the central issue in controversy in this case. Therefore, we agree with the trial court that good cause was shown to compel petitioner to submit to the blood test. At this stage of the case, we may not and do not reach the question of the admissibility of evidence of the HLA test results at trial,[2] nor can we anticipate what weight the trier of fact would give such medical evidence, if admissible, together with other proofs which may be offered in deciding the issue of paternity.
We only decide that the trial judge correctly concluded that good cause was shown to compel petitioner to submit to HLA testing pursuant to the conditions imposed by Florida Rules of Civil Procedure 1.360(a). The petition for certiorari is denied.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] See Terasaki, Resolution By HLA Testing of 1,000 Paternity Cases Not Excluded By ABO Testing, 16 J.Fam.L. 543 (1978).
[2] We note that at least two other jurisdictions considering the admissibility of HLA test results to prove paternity have concluded that such results are admissible for the purpose of proving paternity, assuming that an adequate foundation is laid. Cramer v. Morrison, 88 Cal. App.3d 873, 153 Cal. Rptr. 865 (1979); Malvasi v. Malvasi, 167 N.J. Super. 513, 401 A.2d 279 (Ch. Div. 1979).