Michael Allen CAIN, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–1182A299.

Court of Appeals of Indiana, Third District.

July 19, 1983.

---

Richard J. Thonert, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

After a bench trial, Michael Cain was convicted of Deception.[1] He raises one issue on appeal: Whether the evidence is sufficient to prove his guilt.

Reversed.

The facts most favorable to the State are as follows. An employee of Fort Wayne Cablevision discovered a residence with an unauthorized connection to cable television. He and a police officer went to the residence and began to detach the exterior cables. They observed Cain looking at them through a window in the upstairs apartment to which the cables were running. The two men went to the door of the apartment, advised Cain of their discovery of the illegal connection, and Cain let them in. Cain did not deny knowledge of the hook-up, but he would not say who was responsible for it.

The testimony further established that Cain, although he sometimes stayed elsewhere, lived in the apartment with his mother and his brother. Cain's brother testified that his mother owned the television and that Cain watched it "every now and then."

■ Our standard of review is to consider only the evidence favorable to the State with all reasonable inferences which may be drawn from that evidence. *Ruetz v. State* (1978), 268 Ind. 42, 373 N.E.2d 152, 156. When there is substantial evidence of probative value to support the finding of guilt beyond a reasonable doubt, we will not disturb the trial court's judgment. *Id.* However, if the evidence is such that no reasonable person could infer the defendant's guilt beyond a reasonable doubt, the conviction must be reversed. *Zinn v. State* (1981), Ind.App., 424 N.E.2d 1058, 1060.

■ The evidence here is only that Cain lived in the apartment, that he sometimes watched the television, and, apparently, that he knew of the existence of the illegal hook-up. Any inference from these facts that it was Cain who violated the statute can be based on nothing more than mere suspicion and conjecture. Therefore, the judgment is contrary to law. *Zinn, supra,* at 1060.

Reversed.

HOFFMAN, P.J., and GARRARD, J., concur.

1. Cain was convicted under IC 35–43–5–3 (Burns Code Ed., 1979), which provides in part:
"(a) A person who:
\* \* \* \* \* \*
"(6) with intent to defraud another person furnishing ... cable TV service ... avoids a lawful charge for that service by scheme or device or by tampering with facilities or equipment of the person furnishing the service...
commits deception, a class A misdemeanor."