**Robert James ROBINSON, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 4–183A23.**

Court of Appeals of Indiana,
Fourth District.

Oct. 11, 1983.

---

3. *Carey v. White, supra.*

David H. Nicholls, Nicholls & Podgor, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Robert J. Robinson was convicted after a jury trial of Possession of a Narcotic Drug and Possession of a Controlled Substance, under Ind.Code 35–48–4–6 and 7. He appeals, raising three issues:

1. Whether the evidence was sufficient to support his convictions;

2. Whether the trial court erred in admitting into evidence an exhibit that the State had not previously disclosed to him under a discovery order; and

3. Whether the trial court erred in denying his motion for a mistrial after the jury was allowed to examine a photograph with an allegedly prejudicial notation on the back.

We affirm in part and reverse in part.

Robinson first challenges the sufficiency of the evidence to sustain his convictions. Evidence presented at trial showed that, prior to April 1980, the Gary Police Department conducted a surveillance of an apartment at 1106 Monroe Street in Gary, Indiana. They saw Robinson enter this apartment once. They also saw people approach the apartment. After blowing their car horns or calling Robinson's or his brother's name, they would be admitted to the building. On April 11, 1980, the police obtained a warrant to search the apartment and Robinson's person. Executing this warrant, officers found over a thousand dollars in cash in Robinson's left pants pocket and a brown bottle in his right pocket. This bottle was determined to contain

heroin. The officers also found several packets of powder in a dresser drawer in the apartment's front bedroom. These were determined to contain heroin and cocaine. Clothing stored in this front bedroom could have fit Robinson but was too large for his brother Ted. The officers also discovered a phone bill in this apartment bearing Robinson's name.

■ The evidence showing heroin was found in Robinson's pocket was sufficient by itself to sustain his conviction for Possession of a Narcotic Drug. *Clark v. State,* (1980) Ind.App., 400 N.E.2d 172. As to Robinson's conviction for Possession of a Controlled Substance, the central issue is whether he was in constructive possession of the cocaine found in the bedroom. To establish constructive possession, the State must prove the defendant was capable of controlling the contraband and intended to do so. *Hutcherson v. State,* (1978) 178 Ind. App. 8, 381 N.E.2d 877. Proof of a possessory interest in the premises where contraband is found is adequate to show capability to control. *Id.* Further, evidence that contraband was found hidden in a person's dresser is sufficient to prove the person intended to control it. *Perry v. State,* (1981) Ind.App., 418 N.E.2d 1214; *Watt v. State,* (1980) Ind.App., 412 N.E.2d 90. Under this test, the crucial question is whether the jury could have found beyond a reasonable doubt that Robinson had a possessory interest in the apartment and that the bedroom where the cocaine was found was his. Evidence at trial showed: (1) Robinson was once seen entering the apartment; (2) several people came to the apartment and were admitted after calling out Robinson's name or his brother's; (3) clothes in the apartment looked as if they could fit Robinson; and (4) a phone bill was found in the apartment bearing Robinson's name. There was no proof, however, that the phone bill found was for service to the apartment in question. Nor was there any proof that the clothes found actually belonged to Robinson, rather than some other person of approximately the same size. Further, although visitors called out Robinson's name, only his brother was ever seen admitting

people to the building. The remaining evidence, that Robinson once entered the apartment, simply does not prove he had a possessory interest in the apartment. The jury could just as reasonably have concluded that the apartment belonged to Robinson's brother and that Robinson visited him there, bringing his phone bill along by chance. The evidence was insufficient to prove Robinson was in constructive possession of the cocaine found in the apartment's front bedroom.

## II.

■ Robinson next contends the court erred in allowing a State witness to testify that he had found a phone bill in the apartment bearing Robinson's name. This testimony should have been excluded, he claims, because the State had not previously disclosed this fact in discovery. The record shows, however, that the court offered Robinson a continuance to enable him to assess this new evidence. By refusing this continuance, Robinson waived any error in the admission of this evidence. *Riley v. State,* (1982) Ind., 432 N.E.2d 15.

## III.

■ Finally, Robinson contends the court erred in denying his motion for a mistrial. At the end of its case, the State introduced in evidence a photograph of money and a gun seized in the search of the apartment. On Robinson's motion, the court cut off the part of the picture showing the gun, which was not Robinson's. When the remainder of the picture was passed to the jury, however, several jurors read a notation on its back that the photograph showed a revolver and cash. In response, the court admonished the jury that the gun was irrelevant and told them it was not Robinson's. The court then asked them whether this notation would influence their decision, and they indicated it would not. It is not error to deny a mistrial where, as here, any harm to the defendant is cured by an adequate admonishment to the jury. *Tinnin v. State,*

(1981) Ind., 416 N.E.2d 116. We find no error.

Robinson's conviction for Possession of a Narcotic Drug is affirmed; the conviction for Possession of a Controlled Substance is reversed.

CONOVER, P.J., and MILLER, J., concur.