**James FREEMAN, Appellant-Defendant,**

**v.**

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4–583A132.**

Court of Appeals of Indiana,
Fourth District.

Jan. 19, 1984.

Kenneth T. Roberts, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Presiding Judge.

James A. Freeman (Freeman) appeals his jury convictions for Burglary, a class B felony, and Theft, a class D felony.

We reverse.

## ISSUE

Because we reverse, we need only address the following issue:

Is there sufficient evidence to sustain the conviction?

## FACTS

On October 6, 1982, the victim left his Indianapolis home between 9:00 and 9:15 a.m. to go jogging. He returned approximately one-half hour later and found some of his stereo equipment and VCR sitting outside near the top of the steps to his home. A window was open, its bent screen on the ground. He unlocked the door and quickly ran through the house to see if the burglar was still inside. He found no one, noticed his two Fuji bicycles were missing, and called the police. Police Officer Taylor arrived and interviewed the victim.

Detective Lyday, driving near the scene, looked in the direction of a retaining wall at the edge of the victim's home. When he looked, he saw two men in midair land on the sidewalk abutting the retaining wall in a squatting position, and Freeman "walking onto" the same sidewalk. The three men then walked at a normal pace toward the place where Officer Taylor was interviewing the victim. Lyday notified Taylor via radio the three men were coming in his direction. When Taylor ordered the men to halt, one took off running. He was never caught. Freeman and the other man stopped and were arrested. No fingerprints found at the scene could be identified. The two bicycles were never found.

On October 7, 1982, Freeman was charged with Burglary and Theft. After trial on December 16 and 17, 1982, the jury found him guilty of both counts. His petition to file a belated appeal under Ind. Rules of Procedure, Post-Conviction Relief Rule 2 was granted.

## DISCUSSION AND DECISION

Freeman argues his convictions are not supported by sufficient evidence. We agree.

Our standard of review on sufficiency issues is well known. We will not reweigh the evidence nor judge the credibility of witnesses. We consider only that evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conviction, we will affirm it. *McMillian v. State*, (1983) Ind., 450 N.E.2d 996, 999. "However, if the evidence is such that no reasonable person could infer the defendant's guilt beyond a reasonable doubt, the conviction must be reversed." *Cain v. State*, (1983) Ind.App., 451 N.E.2d 672, 673.

This court must reverse convictions due to insufficient evidence when the State fails to connect the defendant with the crime. In *Cain v. State*, (1983) Ind.App., 451 N.E.2d 672, the Third District reversed a conviction for Deception where the defendant:

> lived in the apartment, ... sometimes watched the television, and, apparently, ... knew of the existence of the illegal hook-up [of cable television]. Any inference from these facts that it was Cain who violated the statute can be based on nothing more than mere suspicion and conjecture.

*Id.* at 673.

More recently in *Robinson v. State*, (1983) Ind.App., 454 N.E.2d 873, this district, with Judge Young writing, reversed a conviction for Possession of a Controlled Substance holding the following evidence insufficient to show the defendant "was in constructive possession of the cocaine found in the apartment's front bedroom":

> (1) Robinson was once seen entering the apartment; (2) several people came to the apartment and were admitted after calling out Robinson's name or his brother's; (3) clothes in the apartment looked as if they could fit Robinson; and (4) a phone bill was found in the apartment bearing Robinson's name.

*Id.* at 875.

In *Manlove v. State*, (1968) 250 Ind. 70, 232 N.E.2d 874, our supreme court reversed a second-degree murder conviction due to insufficient evidence. Justice Hunter, writing for a unanimous court, stated:

In the final analysis, the State's evidence has succeeded *only* in proving that the circumstances as a whole throw a degree of suspicion upon the appellant, and demonstrates only that he clearly had an opportunity to take the life of Lee Roy Reed. If the evidence merely tends to establish a suspicion of guilt, or the mere opportunity to do so it is clearly insufficient to sustain the conviction. *Easton v. State*, supra, and *Baker v. State*, [(1956), 236 Ind. 55, 138 N.E.2d 641], supra, and cases cited therein. If mere opportunity or suspicion are sufficient to convict an accused of a felonious homicide or murder in the second degree then the life and liberty of many innocent people may be summarily sacrificed. The law requires substantial evidence to prove guilt beyond a reasonable doubt. We cannot predicate an affirmance of guilt upon mere possibility because of opportunity or suspicion. *Osbon v. State* [(1938), 213 Ind. 413, 13 N.E.2d 223], supra.

It is not enough that the evidence merely tends to support a conclusion of guilt; it must support such conclusion beyond a reasonable doubt....

In summation, it may be said that while the prosecution has presented circumstance upon circumstance pointing in varying degrees to the probability of the appellant's guilt, still there are many notable voids in its case—too many to be ignored....

A verdict based merely upon suspicion, opportunity, probability, conjecture, speculation, and unreasonable inferences of guilt gleaned from the vague circumstances in the record of the evidence before us cannot be upheld and must be reversed.

*Id.* at 83–84, 232 N.E.2d at 881–82.

■ In this case, the facts most favorable to the State at most give rise to the inference Freeman's two companions jumped from the retaining wall to the sidewalk, and Freeman then walked with them thereon. There is no other evidence or reasonable inference connecting Freeman to the burglary. While Freeman's presence near the victim's property near the time of the burglary may be a suspicious circumstance, it does not constitute substantial evidence he participated in the burglary. The evidence is insufficient to support the jury's verdict.

Reversed and remanded with instructions to enter judgment for defendant.

MILLER and YOUNG, JJ., concur.