**Craig E. McFADIN, Appellant (Defendant Below)**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 82A04–8601–CR33.

Court of Appeals of Indiana, Fourth District.

June 30, 1986.

Allan G. Loosemore, Jr., Lantz, Shaw & Corbett, P.C., Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant-Appellant, Craig E. McFadin (McFadin), appeals two convictions for leaving the scene of an accident involving property damage and injury, class B misdemeanors. IND.CODE 9-4-1-40.

We reverse.

ISSUES [1]

Because we reverse we address only the issue of whether the evidence was sufficient to sustain the conviction.

FACTS

Two adolescent boys riding bicycles were hit by a red Ford pickup truck. The truck was driven by an older, balding, gray haired man wearing glasses. Each boy was injured and his bicycle damaged.

A witness to the incident, Sandy Kneer (Kneer), followed the truck. She copied the license number. Kneer gave the license number, a description of the truck, and description of the driver to Evansville police officer, J.C. Wolf.

Another witness, Kirk Pruden (Pruden), gave a similar description of the truck and driver to officer Wolf.

Wolf broadcast a "be on the lookout" warning. It included the license number, and described the driver and truck. The truck was registered to one Lena McFadin.

Approximately one and one-half hours after the boys were hit Indiana State Police Officer Frank Smith (Smith) stopped McFadin. McFadin was driving a red Ford pickup truck. It bore the license number given by Kneer and broadcast by Wolf. Smith testified McFadin matched the description broadcast by Wolf. The right front fender of the truck was damaged.

DISCUSSION AND DECISION

When sufficiency of the evidence is challenged on review we neither weigh the evidence nor determine the credibility of witnesses. We look to the evidence most favorable to the State together with all reasonable inferences therefrom. We then determine if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Correll v. State* (1985), Ind., 486 N.E.2d 497, 500; *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

A conviction may be based solely on circumstantial evidence. *Correll, supra; Watkins v. State* (1984), Ind., 468 N.E.2d 1049, 1052. However, where as here, the evidence is wholly circumstantial in character, it must be of such conclusive and persuasive force it points surely and unerringly to the guilt of the accused so as to exclude every reasonable hypothesis of innocence. *Manlove v. State* (1968), 250 Ind. 70, 77, 232 N.E.2d 874, 878. When the State fails to connect the defendant with the crime, the conviction must be reversed. *Freeman v. State* (1984), Ind.App., 458 N.E.2d 694, 695.

Here the State failed to present direct or circumstantial evidence from which the trier of fact could have reasonably inferred

**1.** As a statement of the issues McFadin sets out *verbatim* his Motion to Correct Errors. The Motion is in 8 numbered paragraphs. It contains lengthy quotes from statutes and the trial court's findings, as well as summary and characterization of evidence and argument. Appellants need not precisely quote the language of the motion to correct errors. See, e.g., *Town of Rome City v. King* (1983), Ind.App., 450 N.E.2d 72, 76.

Here, McFadin's *verbatim* quotation is confusing. It is difficult to discern from it the nature and extent of the issues presented for review here. However, because he includes more concise allegations of error in the argument section of his brief we can determine the extent to which he asserts error. But see, *Moore v. State* (1982), Ind.App., 441 N.E.2d 220, reh. denied. There an Appellant used his motion to correct errors instead of a concise statement of each issue presented for review. We could not determine the issues presented and dismissed the appeal. We noted there and emphasize here:

Nothing is more important in an appeal than a concise statement of the issues upon which an appellant relies, especially in face of a motion to correct errors containing many separately assigned errors.

McFadin was driving the truck when it hit the boys.

The only evidence connecting McFadin to the truck was his driving it one and one-half hours after the incident. Neither Kneer nor Pruden identified him at trial as the driver of the truck at the time it hit the boys, nor did either of them testify McFadin even looked like the driver. In fact, Kneer was never asked if McFadin was or looked like the driver. Pruden failed to make the necessary connection when asked those questions. Smith merely testified McFadin met the description broadcast by Wolf.

A verdict based merely upon suspicion, probability, conjecture, speculation, and unreasonable inferences of guilt gleaned from the record cannot be upheld. *Manlove*, 250 Ind. at 84, 232 N.E.2d at 882; *Freeman*, 458 N.E.2d at 696.

Reversed.

YOUNG, P.J., and MILLER, J., concur.

