## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 20 2016, 10:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

D.L.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 20, 2016

Court of Appeals Case No.
49A02-1507-JV-834

Appeal from the Marion Superior Court, Juvenile Division

The Honorable Marilyn A. Moores, Judge. The Honorable Geoffrey A. Gaither, Magistrate.

Trial Court Cause No.
49D09-1503-JD-512

**Mathias, Judge.**

[1]    D.L. appeals the order of the Marion Superior Court finding him to be a delinquent child for committing what would be Class B misdemeanor criminal

mischief if committed by an adult. On appeal, D.L. claims the evidence was insufficient to support the trial court's finding.

We affirm.

**Facts and Procedural History**

At approximately one o'clock in the morning on March 29, 2015, Robert Lipinski and his wife were watching television in their bed when they heard a noise coming from the area of their driveway. When they looked out their window, they saw five youths yelling and making a lot of noise. Mr. Lipinski telephoned the police, who arrived at the scene only a few minutes later. By the time the police arrived, however, the youths had moved to a less well-lighted area next to a nearby creek. The responding officer said something to the youths, who then moved away.

At approximately 1:34 a.m., Mr. Lipinski again heard noise, this time coming from the darker area near the creek. He again called the police. Shortly thereafter, Mr. Lipinski saw one of the youths, later identified as then thirteen-year-old D.L., jump over the Lipinskis' chain-link fence and come into his yard. D.L. appeared to be picking something up off the ground. Mr. Lipinski and his wife yelled at D.L. through their window. D.L. then jumped back over the fence, and the youths began to walk away.

The police arrived and ordered the youths to stop and sit near the Lipinskis' fence. Mr. Lipinski identified D.L. as the one who had jumped his fence and

entered his yard. After an initial denial, D.L. eventually admitted to jumping over the Lipinskis' fence.

[6] Because Mr. Lipinski had heard a "cracking" sound earlier, he and the responding officer looked for damage to his fence. Tr. p. 13. They discovered damage to the top of one section of the fence which had not been present earlier. Mr. Lipinski later presented evidence that it would cost $560 to repair the damage to that part of the fence.

[7] On March 30, 2015, the State filed a petition alleging that D.L. was a delinquent child for committing what would be Class A misdemeanor trespass and Class B misdemeanor criminal mischief if committed by an adult. The trial court held an evidentiary hearing on the matter on June 2, 2015. At the conclusion of the State's case-in-chief, the trial court granted D.L.'s motion to dismiss the charge of criminal trespass. The court found that D.L. did commit what would have been Class B misdemeanor criminal mischief if committed by an adult. At the dispositional hearing held on June 30, 2015, the court ordered D.L. to be placed on probation, write a letter of apology to the Lipinskis, abide by curfew, and participate in services. D.L. now appeals.

## Discussion and Decision

[8] D.L. challenges the sufficiency of the evidence supporting the trial court's delinquency finding. In reviewing the sufficiency of the evidence in a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. *K.S. v. State*, 849 N.E.2d 538, 543 (Ind. 2006). Instead, we consider

only the evidence most favorable to the trial court's judgment and the reasonable inferences to be drawn from that evidence. *Id.* We affirm if substantial probative evidence supports the conclusion. *Id.* Although the State must prove every element of the alleged offense beyond a reasonable doubt, it is not necessary that the evidence overcome every reasonable hypothesis of innocence. *A.M. v. State*, 981 N.E.2d 91, 94 (Ind. Ct. App. 2012) (citing *A.B. v. State*, 885 N.E.2d 1223, 1226 (Ind. 2008)).

[9] To prove that D.L. committed what would be Class B misdemeanor criminal mischief if committed by an adult, the State was required to prove that D.L. recklessly, knowingly, or intentionally damaged the property of another person without the other person's consent. *See* Ind. Code § 35-43-1-2(a).

[10] D.L. acknowledges that evidence exists that he jumped over the Lipinskis' fence and that some damage was done to the fence. He claims, however, that the State failed to prove precisely where D.L. jumped over the fence and that this is where the damage was located. D.L. notes that the Lipinskis' yard was quite large and that the area where he could have jumped was not necessarily where the damage occurred. This is little more than an argument that we reweigh the evidence, which we will not do.

[11] The evidence favorable to the trial court's judgment reveals the following. The Lipinskis' fence had no damage earlier that evening. Mr. Lipinski saw D.L. jump over his fence, appear to pick something up from the Lipinskis' yard, and then jump back over the fence. Mr. Lipinski also heard a cracking sound. After

this, Mr. Lipinski discovered damage done to his fence that had not been present before. From this, the trial court could reasonably infer that the damage to the fence was caused by D.L.'s actions of jumping over the fence.

[12] D.L. draws our attention to *Zinn v. State*, 424 N.E.2d 1058 (Ind. Ct. App. 1981). In that case, the evidence established only that a series of harassing telephone calls were placed from the telephone associated with the defendant's home. *Id.* at 1060. No evidence in the record indicated who had actually placed the calls or that the defendant was the only one with access to her telephone. *Id.* Accordingly, the *Zinn* court held that the evidence was insufficient to establish the defendant's guilt beyond a reasonable doubt. *Id.*

[13] The present case is readily distinguishable from *Zinn*. Here, Mr. Lipinski identified D.L. as the one he saw jump over his fence twice. Mr. Lipinski heard a cracking sound, and later discovered damage to his fence that had not been there earlier that evening. This is unlike the case in *Zinn* where the identity of the caller was unknown.

[14] We find this case more similar to *Jennings v. State*, 956 N.E.2d 203 (Ind. Ct. App. 2011), *summarily aff'd in relevant part*, 982 N.E.2d 1003 (Ind. 2013), also cited by D.L. In *Jennings*, the defendant went to the home where the victim, Pope, was visiting friends with the defendant's girlfriend, Terrell. When Terrell prepared to leave, Jennings pulled up in his vehicle and approached Terrell. Pope stayed inside his friends' home because Jennings had previously threatened his life for "messing with" Terrell. *Id.* at 204. Shortly thereafter,

Pope and his friends heard a loud noise, which they described as a "a pssshh sound" akin to the sound made by an airbrake. *Id*. They then heard Jennings' car quickly drive away. When Pope went to his truck, he discovered that it had been scratched and that one of the tires had been slashed. Jennings was charged with criminal mischief for damaging Pope's vehicle.

[15]     On appeal, we held that the evidence, though circumstantial, was sufficient to support Jennings' conviction:

> It was reasonable for the jury to infer that the noise Pope and Ms. Martin heard was the sound of air escaping from Pope's slashed tire, especially in light of the testimony that Jennings immediately sped away with "screeching tires." Further, the testimony concerning Jennings's animosity toward Pope, combined with the lack of any evidence supporting a conclusion that Terrell bore any ill will toward Pope, supports an inference that Jennings, not Terrell, was the perpetrator.

*Id*. at 205 (record citation omitted).

[16]     If anything, the evidence in the present case is stronger than that in *Jennings*. In *Jennings*, no one saw the defendant damage the truck. Here, although no evidence of any animosity between D.L. and the Lipinskis exists, Mr. Lipinski actually saw D.L. jump the fence twice and heard a cracking sound before he discovered the damage to his fence.

[17]     We therefore conclude that the State presented evidence sufficient to establish that D.L. committed what would be Class B criminal mischief if committed by

an adult. Accordingly, the trial court did not err in finding D.L. to be a delinquent child.

[18] Affirmed.

Kirsch, J., and Brown, J., concur.