ROBINSON v. STATE OF INDIANA.

[No. 24,935.    Filed December 18, 1925.]

1. SEARCHES AND SEIZURES.—*Search of defendant and his auto-mobile held to violate defendant's constitutional rights.*—Officers' search of defendant and his automobile without a search warrant held in violation of defendant's constitutional rights under Art. 1, §11 of the Constitution (§63 Burns 1926). p. 147.

2. SEARCHES AND SEIZURES.—*Mere suspicion, without knowledge or apparently reliable information that a crime has been or is being committed, does not authorize an arrest and search on a charge of felony.*—Mere suspicion, without knowledge or apparently reliable information that a crime has been or is being committed, does not authorize an arrest and search even on the charge of having committed a felony. p. 147.

3. ARREST.—*Authority of peace officers to arrest without warrant for misdemeanors is limited to arrests for offenses committed in view of arresting officer.*—The authority of peace officers to arrest without warrant for misdemeanors is limited to making arrests for offenses committed in view of the arresting officer (§§10865, 12014 Burns 1926, §§8782, 9549 Burns 1914). p. 147.

4. SEARCHES AND SEIZURES.—*Knowledge that man is "bootleg-ger" does not authorize his arrest and search of his person and automobile without some evidence that a crime has been committed.*—The fact that a person is known to be a "bootlegger" does not authorize his arrest and search of his person and automobile without a warrant, and evidence obtained by such unlawful search should be excluded on his motion to that effect. p. 147.

5. INTOXICATING LIQUORS.—*Evidence that defendant was reputed to be a "bootlegger" not competent in prosecution for unlawfully transporting intoxicating liquor.*—In a prosecution for unlawfully transporting intoxicating liquor, evidence that the defendant was reputed to be a "bootlegger" was incompetent as it would not tend to prove that he was guilty of the crime charged. p. 147.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Carl Robinson was convicted of unlawfully transporting intoxicating liquor, and he appeals. *Reversed.*

*J. T. Walterhouse* and *Thomas V. Miller,* for appel-lant.

*Arthur L. Gilliom,* Attorney-General and *Arnet B. Cronk,* for the State.

EWBANK, C. J.—Appellant was charged by affidavit with a misdemeanor, in that, at Delaware county in the State of Indiana, on December 4, 1924, he "did then and there unlawfully transport intoxicating liquor, con-trary," etc. The jury returned a verdict finding him guilty as charged, and fixing his punishment at a fine of $100 and imprisonment for thirty days, on which the court rendered judgment. Overruling his motion for a new trial is assigned as error. The trial court per-mitted certain police officers to testify to facts that arose out of and were connected with an attempt on their part to search appellant's automobile and his per-son at and just before the time of his arrest. The un-disputed evidence, given by the officers themselves, was that they were not in uniform and did not have a search warrant, or a warrant of any kind; that at about nine o'clock on a dark night, they saw an automobile being driven east on Second street past the place where a Ford coupe was standing near the north curb of that street facing west, with two men sitting in it and the lights turned out; that the driver of the automobile turned on his dimmers as he crossed the street west of the Ford car, and drove east past it, and after the officers had walked a square south, they again saw the same auto-mobile going north one square farther east; that they hastened back to the Ford coupe and searched it (but nothing appears as to what, if anything, they found in it), and just then, the same automobile again came east along the street, and one of the officers came around from back of the Ford coupe and jumped on the run-ning board of the automobile; that it was enclosed with

plate glass on the sides, and the officer pounded on the glass with a flashlight in an effort to break it, but could not; that the officers did not see or know who was in the automobile, and did not see defendant in the act of committing a crime, though they knew he had driven that automobile; that the officer on the running board called to defendant to stop, saying it was the police, but could not hear what defendant said in reply, if anything; that half a square from where the officer jumped on the automobile, defendant got out of it on the other side, without stopping, and it ran against the curb and broke an axle, while the officer jumped off and ran after defendant as he fled down the street; that defendant ran south in the street, and after going 100 feet, took a bottle from his pocket, and after running nearly a square, ran into a yard and threw the bottle over a coal shed and against the rear of a house on the next street, where it was heard to break; the officer was fifty feet behind, and immediately came up and searched defendant, but found nothing except $80; that defendant then said he did not know who the officer was and, "thought he was being 'shook down,' and had considerable money on him"; that the officers took him back to his automobile, which they searched, but found nothing; that taking defendant along, the officers who had pursued him went around on the other street and back behind the house over there, and found a wet spot on the side of the house about eight feet from the ground from which liquor had run down that smelled like whisky, and beneath it they found pieces of a half-pint bottle that smelled of whisky. And both officers testified (over objections and exceptions by defendant) that defendant was "a known bootlegger."

This evidence did not establish that the officers had a lawful right to search defendant or his automobile, but clearly showed that the search of each was made in

violation of defendant's right, under the Constitution, "to be secure, in his person * * * and effects, against unreasonable search or seizure." Art. 1, §11, Constitution, §63 Burns 1926, §56 Burns 1914, §56 R. S. 1881.

One of the officers gave as the reason for searching defendant's person and his automobile that "he is a known bootlegger," and that "we suspicioned him"; and the other officer, being asked by the court what indications or knowledge prompted the search, answered, "Because he is a known bootlegger." Mere suspicion, without knowledge or apparently reliable information that a crime has been or is being committed, does not authorize such an arrest and search, even on the charge of having committed a felony. *Eiler* v. *State* (1925), 196 Ind. 562, 149 N. E. 62. And the authority of peace officers to arrest without a warrant for mere misdemeanors is limited to making such arrests for offenses committed in the view of the arresting officer. §12014, cl. 5, Burns 1926, §9549, cl. 5, Burns 1914, §5976, cl. 5, R. S. 1881, §10865 Burns 1926, §8782 Burns 1914, §162, ch. 129, Acts 1905 p. 236; *Doering* v. *State* (1874), 49 Ind. 56, 19 Am. Rep. 669; *Plummer* v. *State* (1893), 135 Ind. 308, 312, 34 N. E. 968; Ewbank, Indiana Criminal Law §§110, 198. The officers exceeded their authority in making the search, and defendant's motion to exclude the evidence thereby obtained should have been sustained. Neither was it competent to introduce evidence that defendant was a "known bootlegger." He had not put his character or reputation in issue by offering evidence in relation thereto, and had not testified as a witness, if, indeed, his reputation as a "bootlegger" could in any event be material on the question of his credibility. And evidence that he was or was reputed to be a "bootlegger" was not competent as proof that

he committed the crime charged.   *Morrison* v. *State* (1881), 76 Ind. 335.

The judgment is reversed, with directions to sustain the motion for a new trial.