256 So.2d 337 (1971)
Louis MEYERS
v.
Frank M. EDWARDS, Jr.
No. 8659.
Court of Appeal of Louisiana, First Circuit.
December 20, 1971.
*338 Hobart O. Pardue, Jr., Springfield, for appellant.
Jesse D. Lagarde, of Edwards & Lagarde, Amite, for appellee.
Before LOTTINGER, SARTAIN, and ELLIS, JJ.
ELLIS, Judge.
This is a tort suit in which plaintiff Louis Meyers is seeking damages from Frank M. Edwards, Jr., Sheriff of Tangipahoa Parish, arising out of a series of allegedly unlawful arrests.
Louis Meyers operated a place of business under a license and beer permit issued to "Louie Meyers' Bar". He was arrested on five separate occasions for violation of R.S. 51:191 and 192, known as the Sunday Closing Law. The arrests took place on August 25, 1968 (twice), September 8, 1968, October 18, 1968, and February 16, 1969.
The suit was filed on February 16, 1970, and defendant filed a plea of the prescription of one year thereto. The plea was maintained by the trial court as to the four 1968 arrests, and judgment signed accordingly on January 28, 1971. On February 17, 1971, plaintiff, now represented by counsel, filed an amended petition, which alleged, for the first time, his trial and acquittal on the various charges filed against him.
Thereafter, trial was held on the merits of the case, and plaintiff's suit was dismissed. From that judgment, plaintiff has appealed.
The first specification of error is that the trial court erred in dismissing the suit as to the 1968 arrests on the plea of prescription of one year. Plaintiff alleges that his cause of action is for malicious prosecution as well as false arrest and that prescription does not begin to run on the former offense until the plaintiff is acquitted of the allegedly false charges.
In order to determine the propriety of the court's ruling, we must first determine the nature of the cause of action alleged.
In De Bouchel v. Koss Const. Co., 177 La. 841, 149 So. 496 (1933), the Court said:
"Although not always observed, the distinction between malicious prosecution and false imprisonment (or false arrest) is fundamental. But briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one in which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority.
"As respects the demand for damages for false imprisonment, the damage and the cause of action therefor arose on the same day, namely June 5, 1931, which is the day on which plaintiff was both falsely imprisoned and then released from prison. This suit was not filed until July 5, 1932, exactly thirteen months after the damage was sustained. Therefore, under articles 3536 and 3537 of the Civil Code, providing that damages resulting from offenses and quasi offenses prescribe in one year after the damage is sustained, this demand is prescribed. With respect of the second demandthe one for damages for malicious prosecutionthe right to maintain a suit upon it arose on the termination of the prosecution favorably to plaintiff. Guidry v. Savoie, 164 La. 1081, 115 So. 277."
*339 In a suit for damages for false arrest for a misdemeanor, the plaintiff must prove that the arrest was made without lawful authority. Good faith on the part of the arresting officer is no defense, but he cannot be found liable so long as he has probable cause to believe a misdemeanor is being committed in his presence when he makes the arrest. Wells v. Gaspard, 129 So.2d 245 (La.App. 3 Cir. 1961).
In a suit for damages for malicious prosecution, "the plaintiff must prove: (1) termination of the proceeding in favor of the plaintiff; and (2) lack of probable cause, and (3) malice on the part of the defendant." Cox v. Cashio, 96 So.2d 872 (La.App. 1 Cir. 1957).
Examining the pleadings in this case in the light of the foregoing, we find that the original petition can only be construed to ask damages for false arrest. The trial and acquittal on the charges is not alleged, nor is malice on the part of the defendant, both of which are essential aspects of malicious prosecution. Prescription, therefore, began to run on the date of the arrest, and the suit was filed more than one year thereafter.
The amended petition, which does allude to the trial and acquittal, is based only on the February 16, 1969 arrest, and was filed on February 17, 1971, more than one year after the date of the acquittal, which is alleged to be in April, 1969. It could not be construed to revive the cause of action for the 1968 arrests, which had already prescribed when it was filed.
The only other question to be considered is whether the district judge committed manifest error in holding that the plaintiff had proved neither false arrest nor malicious prosecution arising out of the February 16, 1969 arrest.
To prove false arrest for a misdemeanor, plaintiff must show that the arresting officer did not have probable cause to believe that a misdemeanor was being committed in his presence. Wells v. Gaspard, supra. R.S. 51:191 and 192 provide as follows:
"All stores, shops, saloons, and all places of public business, licensed under the law of Louisiana or under any parochial or municipal law and all plantation stores, shall be closed at twelve o'clock on Saturday nights, and remain closed continuously for twenty-four hours, during which time no proprietor thereof shall give, trade, barter, exchange or sell any of the stock or any article of merchandise kept in his establishment.
"Whoever violates this Section shall be fined not less than twenty-five dollars nor more than two hundred and fifty dollars, or imprisoned for not less than ten days nor more than thirty days, or both for each offense."
"The provisions of R.S. 51:191 shall not apply to newsdealers, the sale of ice, watering places and public parks, places of resort for recreation and health, newspaper offices, keepers of soda fountains, printing offices, book stores, drug stores, apothecary shops, undertaker shops, public and private markets, bakeries, dairies, livery stables, railroads, whether steam or horse, hotels, boarding houses, steamboats and other vessels, warehouses for receiving and forwarding freights, restaurants, telegraph offices and theatres, or any place of amusement, unless intoxicating liquors are sold in the premises. Stores may be opened for the purpose of selling anything necessary in sickness or for burial purposes.
"Hotels or boarding houses may sell wine for table use on Sundays. No alcoholic, vinous or malt liquors shall be given, traded or bartered or sold or delivered in any public place on Sundays, except when administered or prescribed by a practicing physician in the discharge of his professional duties. In which case the physicians administering the intoxicating liquors may charge therefor."
The officer who made the arrest on February 16, 1969, testified that he went to *340 plaintiff's place of business on regular patrol. When he entered, there were about twenty people drinking beer. He noted a card game breaking up, and some shelves behind the bar on which there were several cans of what appeared to be tuna fish and sardines and a few boxes of crackers. He said he placed plaintiff under arrest for violation of the Sunday Closing Law.
Plaintiff testified that he was operating a fish market, at which he sold only "beer and gas and oil and fish."
We think that, absent a judicial finding that plaintiff's business is exempt from the provisions of the above statutory provisions, there existed probable cause for the arrests. Plaintiff did not, therefore, prove his case for false arrest.
We further find that plaintiff did not carry the burden of proving his cause of action for malicious prosecution, because he failed to show malice on the part of the defendant. Plaintiff testified that he was told by the District Attorney that it was all right to sell beer on Sundays, and that he had so advised the Sheriff. The Sheriff admitted that he had discussed the matter with plaintiff, and had personally inspected his place of business. The Sheriff further testified that he had instructed his deputies to enforce the Sunday Closing Law throughout Tangipahoa Parish, but had never issued any instructions specifically with reference to plaintiff. The deputies who made the arrest said that it was made routinely. We have already found it to have been made with probable cause.
We think that because there exists a difference of opinion between the Sheriff and the plaintiff as to the proper legal interpretation of the Sunday Closing Law, and that a series of arrests was made for alleged violations of same is not a sufficient basis for an inference of malice on the part of the Sheriff.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
Affirmed.