N. W. WHITLEY, Plaintiff-Appellee,

v.

George SEIBEL, Individually and as a police officer of the Chicago Police Department, Defendant-Appellant.

No. 79–1042.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 5, 1979.

Decided Jan. 25, 1980.

As Amended Feb. 1, 1980.

Richard F. Friedman, Corp. Counsel, Chicago, Ill., for defendant-appellant.

Donald T. Bertucci, Chicago, Ill., for plaintiff-appellee.

Before PELL, BAUER and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff brought this action under 42 U.S.C. §§ 1981, 1983, and 1985, alleging that his arrest by defendant George Seibel, an officer in the Chicago Police Department, was without probable cause and resulted in his confinement in deprivation of his constitutional rights. A jury found for plaintiff and awarded him $40,000 damages.

Questions are raised as to whether plaintiff is collaterally estopped from relitigating probable cause since probable cause had been found at a criminal preliminary hearing before a state judge; whether Seibel had a duty to pursue the truth of plaintiff's alibi; whether the trial judge's instruction to the jury explaining the purpose and conduct of a state criminal preliminary hearing was in error; and, whether the verdict was excessive.

### Facts

A brief review of the evidence is necessary. In 1974 James and Darlene Williams were robbed, and Mrs. Williams sexually assaulted, by an assailant who followed them into their home. It is claimed that the Williams originally reported only an assault and battery and not an armed robbery and sexual assault. Mrs. Williams viewed police photos and identified the picture of a Ronald Wells as the likely assailant. The defendant Seibel was assigned to investigate the case. About four days later the plaintiff was stopped and arrested by two police officers for a traffic violation. By coincidence a brother-in-law of Mrs. Williams happened by and advised the officers that the traffic violator, the plaintiff, was also the assailant of the Williams. Plaintiff was taken to the police station on the traffic violation where he was interviewed by defendant. There is no dispute about the fact that the plaintiff told the defendant something about his employment and his alibi that at the time of the Williams crime he was elsewhere attending to business at the office of an insurance company. The defendant says the information was vague and the plaintiff claims it was specific. The Williams' identified the plaintiff as the assailant. An assistant state's attorney reviewed the evidence against the plaintiff and declined to authorize his arrest on the felony charges because of the previous photo identification by Mrs. Williams of Wells as the assailant and because the plaintiff claimed an alibi. The defendant was directed to do more work on the case and to check the alibi. The plaintiff was admitted to bail. The defendant testified that subsequently he endeavored unsuccessfully to locate the insurance office and plaintiff's place of employment. The defendant did not contact the plaintiff for additional information. About a week later the defendant arrested the plaintiff on the felony charge. After the arrest the defendant contacted another assistant state's attorney for retroactive authorization to make the arrest. That assistant state's attorney testified that defendant did not advise him of the claimed alibi, but only that the previous assistant state's attorney who had considered the evidence had concluded that there was an identification problem. That had now been cleared up, he testified he was told by defendant. The defendant filed a report indicating that he was able to establish that the plaintiff was not at the insurance office as claimed. A preliminary hearing was held about a month later. The plaintiff offered nothing in his own behalf including any alibi claim. Another assistant state's attorney, the third, was present at that hearing and later testified that the defendant told him that the alibi had been determined to be without merit. Judge Wayne Olson of the state court found probable cause to exist on the robbery and sexu-

al assault charges, and thereafter plaintiff remained in jail for a total of 113 days until an assistant state's attorney asked leave to nolle prosequi the charges on the ground that the insurance company alibi had been verified. Two witnesses, employees of the insurance company, were present to verify the truth of the plaintiff's alibi. The case was dismissed.

*Issues*

 It is the defendant's position that since Judge Olson at the preliminary hearing found probable cause the plaintiff is collaterally estopped from relitigating that issue in this civil rights action. Probable cause for the plaintiff's arrest is at the core of this case.[1] The district court, relying on *Brubaker v. King*, 505 F.2d 534 (7th Cir. 1974), reasoned that a different standard of probable cause is applicable in a criminal preliminary hearing than is applicable in a civil rights action questioning the resulting arrest and confinement. *Brubaker* was an appeal from a grant of summary judgment in favor of law enforcement officers in a section 1983 civil rights action alleging false arrest and imprisonment. A state magistrate had found probable cause for the arrest of Brubaker, and as here, the criminal charges were later dismissed on motion of the state prosecutor. We distinguished the test to determine probable cause in a criminal preliminary hearing from the applicable test to be applied in a civil rights action for damages. The issues not being identical in the two situations collateral estoppel was not applicable.

We adopted the reasonable man standard for tort actions against arresting officers. That standard was considered to be a less stringent standard than the criminal definition of probable cause and therefore would impose lesser burdens on officers. If the criminal law standard was applied, the civil damage fate of officers would depend upon how the magistrate might ultimately resolve the often difficult issue of probable

cause. It was therefore concluded that an officer had a defense to a section 1983 damage action if the officer had acted in good faith with a reasonable belief in the constitutionality of his conduct. Whether the state judge found probable cause or whether he did not does not of itself resolve a section 1983 issue. The same standard for section 1983 cases applies in both those instances. The officer in a civil rights action although subject to the less stringent standard cannot avoid the magistrate's finding of no probable cause in one instance but rely on a finding of probable cause in the other instance. It works both ways. We find the issue to be controlled by *Brubaker*.

 We must next consider whether the defendant's conduct is actionable under the applicable section 1983 standard. The plaintiff argues that the defendant failed to prove a good faith reasonable belief of probable cause to arrest him on the felony charges. The burden of proof, however, is on the plaintiff to prove the officer's lack of good faith or reasonable cause to believe he was acting constitutionally. The defendant argues that the plaintiff seeks to impose on the officer at his peril the constitutional duty to search out and find without error all evidence tending to exonerate a suspect. The defendant relies on *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), in support of his view of the limitation on an officer's responsibility.

In *Baker*, the plaintiff brought a section 1983 action after he was arrested and detained for eight days on a valid warrant that was intended for his brother. The plaintiff continually maintained his innocence. Fault was alleged to lie with the sheriff for failing to institute proper identification procedures. The Court found no constitutional violations cognizable under section 1983. The Constitution, it was stated, does not guarantee that only the guilty will be arrested nor that every conceivable step be taken at whatever cost to eliminate the possibility of convicting an innocent

---

1. Plaintiff did not appeal adverse rulings on other counts of his complaint charging intentional conduct and wilful and wanton negligence and common law false arrest and imprisonment.

person. *Id.* at 2696. It was explained that the fourteenth amendment does not protect against all deprivations of liberty, but only those accomplished without due process of law. No due process violation was found. The sheriff executing the arrest warrant, it was held, was not required to investigate every claim of innocence because the ultimate determination of guilt lies with judge and jury.

■ The present case may be distinguished from *Baker.* First, there was no valid warrant executed. The defendant officer made his own determination about the arrest later in the investigation and then accomplished the arrest without a warrant. But more important, the evidence, though disputed in part, may be interpreted to suggest that the defendant intentionally misled and misrepresented the facts and circumstances of the case to the assistant state's attorneys involved. Because of the photo identification and the alibi the original assistant state's attorney declined to authorize the arrest until identification and alibi questions were resolved. The defendant did little, if anything, after that to pursue or resolve those matters but proceeded later to secure authority from a different assistant state's attorney to make the arrest after he had already in fact made the arrest. The evidence suggests that that authority was secured from the assistant state's attorney by reason of representations which were considerably less than full and candid. It appears from the testimony that had that assistant state's attorney been fully and honestly briefed by the defendant and had not been misled, it is very doubtful that the arrest would have been authorized. Nothing more than brief confinement would have then resulted. We do not believe that kind of behavior by an officer to accomplish an arrest may be excused by the *Baker* holding that the Constitution does not require the officer to make an error-free investigation of all claims of innocence. In this case, it is something else. If the officer undertakes to make decisions which are not his to make and then intentionally misleads those who do have the ultimate authority to authorize the arrest, that officer may be found to have deprived the arrestee of his liberty without due process of law. Although some of the defendant's acts of omission may have been only negligent, there is a strong suggestion of intentional and concealed corner-cutting to accomplish the arrest.

■ That brings us to the issue surrounding the plaintiff's own actions at his preliminary hearing. He neither offered any alibi nor attempted to do so. In fact, plaintiff's counsel responded that plaintiff had nothing to offer in his own behalf. It appears no mention was made of the alibi. Probable cause was then found by the state judge and plaintiff's confinement continued. Some of plaintiff's problems therefore may have been his own fault. The district judge had a different view of the function of a preliminary hearing in the State of Illinois, and when the question arose during the trial the judge sua sponte instructed the jury:

> The failure of Mr. Whitley or his attorney to assert an alibi at the preliminary hearing is of no significance to your determination here because it would avail them nothing to have done so. The judge would have been acting improperly had he dismissed the case at that juncture on the basis that there was an alibi. That's not his function.

We do not believe that instruction correctly states the law in Illinois and we further believe that the alibi issue is of such significance that the instruction cannot be dismissed as harmless error. It is obvious that the plaintiff's failure to defend himself may have been the cause of the greater part of his confinement, thus directly affecting damages. Arguably, the plaintiff's failure to offer his alibi at his preliminary hearing might also have some bearing on the dispute between him and the defendant as to what the plaintiff originally may have told the defendant about his insurance company alibi. It also carried the seed of possible prejudice by leading the jury to believe that incarceration of the plaintiff was inevitable upon his arrest by the defendant.

The jury was instructed in effect that nothing the plaintiff could say or do at his preliminary hearing could counter the defendant's actions towards him. It could be interpreted as allocating an unreasonable burden to the defendant to do what *Baker* says he does not have to do, that is investigate every claim of innocence.

It was suggested at oral argument by plaintiff's counsel that it is the practice of Judge Olson to limit the preliminary hearing evidence to the state's evidence. That is not a matter of record. We must look to the law of Illinois to determine the correctness of the district court's instruction.

■ The revised statutes of Illinois provide that a person arrested without a warrant shall be taken before a judge and afforded a preliminary hearing in those cases where the judge is without jurisdiction to try the offense for the purpose of determining from the evidence if it appears there is probable cause to believe the defendant has committed an offense.[2] It is clear that the statute contains no provision restricting the evidence which may be offered at a preliminary hearing. It is understood, however, that a probable cause determination requires less than a determination of guilt or innocence in a full trial on the merits. The alibi witnesses from the insurance company, who were present when leave was granted to the state to nolle prosequi the charges, may have been reasonably expected to have had a similar impact at the preliminary hearing. The plaintiff, however, made no mention of an alibi. In the 1963 Committee Comments to section 109–1 the functioning of the preliminary hearing is fully explained:

Subsection (b)(3) anticipates and is intended to harmonize with the other three subsections to the effect that in every case, regardless of type or location, when an arrested person is first brought before a judicial officer by a peace officer, it is the duty of that judicial officer to advise and inform the arrestee of his rights, and then to determine if there is probable cause to hold him in custody any longer. If not, the arrested person should be discharged. Or the arrestee may admit his guilt immediately. Or he may desire counsel, *or an opportunity to bring in witnesses of his own to prove an alibi or other reason why he should not be held in custody.* The statute should be flexible, consistent with the rights of the individual and the enforcement of law for the protection of society. Section 109–1, and all of Article 109, is designed to afford both. Local rules are expected to provide implementation to accomplish this basic purpose. (emphasis added)

■ The Illinois statute also specifically provides for the circumstance in a preliminary hearing in which a defendant makes a statement,[3] and further provides that "the judge may require any material witness for the State or *defendant*" to give bond for later appearance at trial.[4] Obviously, the statute does not require an accused to stand dumb at his preliminary hearing. On the other hand, the defendant is not required to present his defenses at his preliminary hearing. If he does not it would then be improper for the prosecutor to ask the jury in the resulting criminal trial to draw an inference from the accused's failure to raise his alibi defense at the preliminary hearing. *People v. Patterson,* 44 Ill.App.3d 894, 3 Ill.Dec. 479, 358 N.E.2d 1164 (1976). That an accused need not present his alibi defense or any defense at a preliminary hearing does not mean that he cannot do so. If the plaintiff's tactics at his preliminary hearing were not to reveal his alibi defense, he assumed some risk that a finding of probable cause would result in his continued confinement. The plaintiff now seeks to place the blame for his confinement entirely on the defendant in a civil rights case. In the present case, however, the probable cause hearing is viewed from a different perspective and for a different purpose. On retrial the jury should be properly in-

---

**2.** Ill.Rev.Stat. ch. 38, §§ 109–1 & 109–3.

**3.** *Id.* § 109–3(c).

**4.** *Id.* § 109–3(d) (emphasis added).

structed on the preliminary hearing and permitted to consider the plaintiff's failure to offer his alibi.

There remains no need to consider whether the award of damages may have been excessive.

Reversed and remanded for a new trial.