**August MOON**

v.

**William Francis SMITH, et al.**

Civ. A. No. 81–0116–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 15, 1981.

William W. Davenport, Richmond, Va., for plaintiff.

G. Wingate Grant, Asst. U. S. Atty., Richmond, Va., for defendants.

MEMORANDUM ORDER

WARRINER, District Judge.

The Court has heretofore determined that this litigation was commenced and prosecuted in bad faith. The defendants are government officials and they were represented in this action by an Assistant United States Attorney. They were sued in their official and in their individual capacities. Having prevailed on behalf of defendants, the United States seeks counsel fees. The Court requested counsel to brief the question of whether the federal government may be the beneficiary of the bad faith exception to the American Rule as enunciated in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

Having studied the briefs and law therein cited, the Court can perceive no reason why government officials should be harassed by bad faith litigation at no risk to the plaintiff. The meritless nature of such a suit makes manifest that plaintiff's purpose was not to obtain a judgment but was merely to vex and harass or to obtain publicity. If a plaintiff can accomplish this at no risk to himself then there is no restraint upon a person of bad faith who may drain the energy, attention, and will of government officials at little or no cost to himself but at great expense and loss to the body politic.

Neither party having cited authority directly on point nor any persuasive authority by way of dictum or scholarly comment, the Court concludes that when Bivens actions against federal officials are commenced and prosecuted in bad faith, the defendants may recover their reasonable counsel fees expended. Where the defense is provided the defendants at the expense of the United States, the United States may recover such counsel fees.

To this end, the parties may engage in discovery on the question of the amount of reasonable counsel fees for a period of forty-five days from the entry hereof. Ten days after termination of discovery, defendants shall file their claim and supporting brief. Plaintiff shall respond within ten days thereafter. Defendants may rebut within three days thereafter.

And it is so ORDERED.