FORET, Judge.
Plaintiff, Patricia Boyer, filed suit against defendant, City of Lake Charles, seeking damages for false arrest. After trial on the merits, the trial court rendered judgment in favor of defendant. Plaintiff has appealed. Her appeal raises only one issue: whether the trial court erred in finding that plaintiffs arrest was lawful.
FACTS
While on routine traffic patrol, Lake Charles City Police Officers John LaRocca and Robert Fuselier saw plaintiff drive through an intersection controlled by a stop sign without coming to a complete stop. The officers signaled plaintiff to stop. Officer LaRocca walked up to plaintiff’s car and asked her to step out and give him her driver’s license. Plaintiff complied with these requests. The officer then informed plaintiff that she had been stopped for running a stop sign and that he was going to issue her a citation. Plaintiff began to protest the issuance of the citation, claiming that she had not run the stop sign and apparently, she became quite upset with the officer.
Officer LaRocca began to write out the citation. He asked plaintiff to sign it, and she complied. He then continued writing out the citation, copying information from plaintiff’s license, which he had placed at the top of a clipboard on which he had his citation pad. As the officer attempted to complete the citation, plaintiff tried to grab her license from the clipboard. The officer asked her to stop but she continued to grab for the license. Officer LaRocca told her that he would have to arrest her if she did not stop. When she persisted, the officer informed her that she was under arrest. Plaintiff then ran back to her car and reached down inside the window on the driver’s side, attempting to open the door which had to be opened from the inside because the outside handle was broken. The officer pursued her and grabbed the arm with which she was reaching through the window. He attempted to handcuff *1066 plaintiff but she resisted, and it was necessary for Officer Fuselier to come to his aid. When plaintiff was handcuffed, the officers placed her in the back of their patrol unit and took her to the station.
LAWFULNESS OF PLAINTIFF’S ARREST
False imprisonment or arrest occurs when one is arrested and restrained against his will by someone acting without a warrant or other statutory authority. If a police officer acts pursuant to statutory authority, there is no false arrest. Kyle v. City of New Orleans, 853 So.2d 969 (La.1977); Johnson v. State Through Dept. of Public Safety, 451 So.2d 104 (La.App. 3 Cir.1984), writ denied, 457 So.2d 15 (La.1984). In the present case, plaintiff’s arrest was for a misdemeanor, and defendant relies upon LSA-C.Cr.P. art. 213 as authority for the arrest. Art. 213 provides, in pertinent part:
“A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit;”
In a suit for false arrest for a misdemeanor, there can be no liability if the arresting officer had probable cause to believe the misdemeanor had been committed in his presence. Meyers v. Edwards, 256 So.2d 337 (La.App. 1 Cir.1971); Nigreville v. State, Dept. of Public Safety, 415 So.2d 600 (La.App. 3 Cir.1982), writ denied, 420 So.2d 444 (La.1982). Here, the police officers arrested plaintiff for failing to stop at a stop sign, a violation of Lake Charles City Ordinance, § 20-1 and LSA-R.S. 32:123, and for resisting or obstructing an officer, a violation of Lake Charles City Ordinance, § 13-24[1]. Both offenses are misdemeanors.
The arresting officers observed firsthand the actions of plaintiff upon which the charges were based. The officers testified at trial that they saw plaintiff fail to come to a complete stop at a stop sign. They testified that plaintiff was argumentative at first and then began to interfere with Officer LaRocca as he was writing out his citation. The actions of plaintiff, performed in the presence of the arresting officers, gave the officers probable cause to believe that plaintiff had corn- *1067 mitted the two offenses for which she was arrested.
Plaintiff argues that Officers La-Rocca and Fuselier were without authority to arrest her based on LSA-C.Cr.P. art. 211 which, in certain ■ cases involving misdemeanor offenses, requires an officer to issue a summons rather than arrest the violator. Art. 211 provides:
“A. When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, he shall give a written summons instead of making an arrest if all of the following exist:
(1) The officer has reasonable grounds to believe that the person will appear upon summons;
(2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked;
(3) There is no necessity to book the person to comply with routine identification procedures.
B. In any case in which a summons has been issued, a warrant of arrest may later be issued in its place.”
Plaintiff draws our attention to the mandatory language of the statute, “shall give a written summons.” We note, however, that the remainder of the article makes it clear that an officer is required to issue a written summons instead of making an arrest only when all three factors set forth in the article are present. Given plaintiffs uncooperative behavior, culminating in her interfering with Officer LaRocca’s issuance of the citation, the officer was justified in concluding that he did not have reasonable grounds to believe that plaintiff would appear upon summons. Accordingly, Art. 211 did not require the issuance of a summons in lieu of arrest. As a result, plaintiff’s arrest, which was authorized by C.Cr.P. art. 213, was not prohibited by Art. 211.
Though plaintiff has not raised the issue in brief, we have also considered whether the force used by the arresting officers was excessive. Plaintiff admits that she resisted the officers when they attempted to arrest her. From the testimony elicited at trial, we are convinced that the officers only used the force necessary to effectuate plaintiff’s arrest given her resistance.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.

. Lake Charles City Ordinance § 20-1 provides, in pertinent part:
"Pursuant to the authority referred to by LSA-R.S. 32:41, the city adopts provisions of Title 32, Louisiana Revised Statutes of 1950, as amended ...”
LSA-R.S. 32:123(B) provides:
"B. Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.”
Lake Charles City Ordinance § 13-24 provides:
“Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
The phrase ‘obstruction of’ as used herein shall, in addition to its common meaning, signification and connotation mean:
(1) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(2) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(3) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
(4) Congregates with others on a public street and refuses to move on when ordered by the officer.
Whoever commits the offense of resisting an officer shall be punished as provided in section 1-8. (Code 1956, § 16-17)”